# CIRCUIT COURT OF FAIRFAX COUNTY

Antoine Taylor

v.

Connie Taylor

April 21, 1997

Case No. (Chancery) 128619

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on the Defendant's Motion to Reconsider. Originally, this matter came before the Court on the Complainant's Rule to Show Cause. The Defendant then filed a Motion to Contest Jurisdiction on the Rule to Show Cause, which the Court denied. Now, the Defendant petitions the Court to reconsider its original ruling. After reviewing the parties' briefs and the applicable law, the Court grants the Defendant's Motion to Reconsider.

## Facts

The Court entered a Final Decree divorcing the parties on February 12, 1996. The parties have one minor child named Adrienne D. Taylor. Pursuant to the Final Decree, the parties share joint legal custody of Adrienne Taylor, and the Defendant has primary physical custody. On February 20, 1997, the Complainant filed a Rule to Show Cause against the Defendant for denying him visitation with Adrienne. At the time of the filing of the Rule to Show Cause, the Complainant resided in Arizona. Additionally, the Defendant and Adrienne have resided in Indiana since before the entry of the Final Decree.

*Uniform Child Custody Jurisdiction Act*

Jurisdiction in this case is governed by Virginia Code § 20-126, Uniform Child Custody Jurisdiction Act ("UCCJA"). The Act provides that a Virginia court has jurisdiction to hear matters relating to child custody if: (1) Virginia is the home state of the child, (2) it is in the best interest of the child that Virginia assume jurisdiction based on a significant connection with Virginia or substantial evidence in Virginia, (3) the child is present in Virginia and there is an emergency, or (4) no other state has jurisdiction. If a case before a Virginia court does not have one of these four grounds for jurisdiction, the court does not have jurisdiction to hear the matter.

In the case at bar, the Court finds that none of the above-stated grounds for jurisdiction are present; therefore, the Court does not have jurisdiction to hear this matter. First, the Court notes that Virginia is not the home state of the child. The Code defines the home state as one "in which the child immediately preceding the time involved lived with ... a parent ... for at least six consecutive months." Va. Code § 20-125. In this case, Virginia is not the minor child's home state as the mother and the minor child have both resided in Indiana for at least six months prior to the start of the present proceeding. Thus, there are no grounds for jurisdiction based upon Virginia being the child's home state. Also, the Court finds that this matter has no significant connection with the Commonwealth as it concerns missed visitation in Indiana and all parties presently reside outside of Virginia. Additionally, the child is not physically present in the Commonwealth, nor is there any emergency in this matter. Finally, the Court finds that other states could have jurisdiction in this matter. Based upon these reasons, the Court finds that it does not have jurisdiction to hear this matter.

The Complainant has cited *Crabtree v. Crabtree*, 17 Va. App. 81 (1993), and *Musser v. Musser*, Va. App. Unp. 2389944 (1995), as supporting his contention that the Court has jurisdiction in this matter. The Court, however, disagrees. In *Crabtree v. Crabtree*, the Court of Appeals determined whether a circuit court had the authority to reinstate a case and hear child support and custody matters after it had transferred those matters to the juvenile and domestic relations court. The Court finds that *Crabtree* deals with different issues from those before the Court and is not controlling. Next, the Complainant cites *Musser v. Musser* in support of his position. He argues that in *Musser*, the Court of Appeals concluded that the circuit court had jurisdiction to hear a matter, even though the mother and child lived in California since 1986. *Musser*, however, can be distinguished from the case at bar as there were several factors in favor of the exercise of jurisdiction in

that case that are not present here. Specifically, in *Musser*: "Virginia was the home state of the children at the start of the proceedings," "[the father] continues to be domiciled in Virginia," and "Virginia courts have ruled on visitation motions throughout the intervening period." *Musser*, 1995 Va. App. Unp. 238944, at 1.

## Conclusion

For the above-stated reasons, the Court finds that it does not have jurisdiction to hear the matter and dismisses the Rule to Show Cause. Additionally, as the Court does not have jurisdiction, the testimony and arguments offered by the parties are moot, and the Court does not rule on any other motions.